**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| YOLANDA LOPEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 1:20-CV-398-RP-ML |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Plaintiff's Motion for and Memorandum in Support of Award of Attorneys' Fees Under 406(b) of the Social Security Act (Dkt. 20) and Defendant's Response (Dkt. 22) are before the court.[1]

## I. PROCEDURAL HISTORY

Plaintiff filed this case appealing the Commissioner's decision that she was not disabled. Dkt. 1. After full briefing on the matter, the undersigned recommended the District Judge reverse the Commissioner's final decision and remand the case back to the Commissioner for further consideration. Dkt. 14. Over no objections, the District Judge accepted and adopted the Report and Recommendation and reversed and remanded the matter back to the Commissioner. Dkt. 15. The court also granted Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (Dkt. 17) in the amount of $7840.75. Dkt. 19.

---

[1] All matters in the case were referred to the Honorable Mark Lane, United States Magistrate Judge, for report and recommendation (R&R) pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

1

On remand, Commissioner subsequently issued a fully favorable decision finding Plaintiff disabled beginning April 23, 2013. Dkt. 20 at 1. The Commissioner determined that Plaintiff is entitled to past-due benefits of $181,782.00. Dkt. 20 at 2. Plaintiff's Counsel now requests a fee award of $30,445.50 from Plaintiff's benefits award based on the contingent-fee agreement between Plaintiff and Counsel. Dkt. 20 at 2. The Commissioner does not object to the award, but filed a brief to assist the court. Dkt. 22.

## II.    APPLICABLE LAW

### A.  42 U.S.C. § 406(b)

Under Section 406(b), an attorney who represents a successful claimant in federal court may receive a contingency fee of not more than 25 percent of the total of the past-due benefits. 42 U.S.C. § 406(b)(1)(A). Section 406(b) is "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002); *Jeter v. Astrue*, 622 F.3d 371, 378 (5th Cir. 2010).

Because an attorney's fee is awarded from the claimant's own benefits, and not through fee-shifting from the Commissioner, the traditional lodestar method is not to be exclusively used in evaluating reasonableness. *Jeter*, 622 F.3d at 379-80 (describing *Gisbrecht's* reasoning). However, if the benefits (and therefore the fee award) are large in comparison to the time the attorney spent on the case, a downward adjustment is appropriate to disallow windfalls for attorneys. *Jeter*, 622 F.3d at 379 (describing *Gisbrecht's* reasoning). Courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage. *Jeter*, 622 F.3d at 380. "Thus, [] district courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute the basis for an 'unreasonable' finding."

*Jeter*, 622 F.3d at 381. Specifically, the district court must discuss the factors that demonstrate that the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney. *Jeter*, 622 F.3d at 381 (citing *Gisbrecht*, 535 U.S. at 808). Factors courts have considered include risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee. *Jeter*, 622 F.3d at 382. "*Gisbrecht* commands that where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney-and thus not attributable to the attorney's representation of the client before the court." *Jeter*, 622 F.3d at 382.

An attorney's fee award out of past-due benefits is discretionary and will not be revered absent an abuse of discretion. *Jeter*, 622 F.3d at 376.

### B. Equal Access to Justice Act

A prevailing litigant also may recover an award of attorney's fees pursuant to EAJA, an entirely separate statute. EAJA requires district courts to award reasonable attorney's fees when the Commissioner's position in the action was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). Unlike attorney's fees awarded under the Social Security Act, which are drawn from the claimant's recovery of past-due benefits, attorney's fees awarded pursuant to the EAJA are paid by the United States government. *See* 28 U.S.C. § 2412(d)(4); *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994) ("Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's Social Security benefits, while fees under the EAJA

3

penalize the Secretary for assuming an unjustified legal position and, accordingly, are paid out of agency funds.").

Federal district courts may award attorney's fees to prevailing claimants and their attorneys under both EAJA and the Social Security Act. *Gisbrecht*, 535 U.S. at 796. An EAJA award is separate from a Section 406(b) award, and neither is limited or affected by the other. However, attorneys cannot achieve double recovery. When both awards are bestowed, attorneys must refund the lesser award to their clients. *Id*. Thus, an EAJA award, in addition to a 406(b) award, "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Id*.

### III.     ANALYSIS

Plaintiff's Federal Court Fee Agreement allowed Counsel to be paid up to 25% of the past-due benefits awarded if her claim was successful. Dkt. 20-4 ¶ 7. Thus, Plaintiff has consented to the fee award. *See Jeter*, 622 F.3d at 382 (in determining whether an award is a windfall, courts consider whether the client consents to the fee). Counsel seeks attorneys' fees in the amount of $30,445.50, which is roughly 17 percent of Plaintiff's $181,782.00 past-due benefits award. *See Jeter*, 622 F.3d at 382 (courts consider percentage of the past-due benefits the fee constitutes). In this case, Counsel prepared both an opening brief and a reply brief addressing several issues in support of Plaintiff's position. Dkts. 11, 13; *see Jeter*, 622 F.3d at 382 (courts consider degree of difficulty). Had Counsel not prevailed before this court, Plaintiff would have not been entitled to any benefits and Counsel would not have been entitled to any fee whatsoever. *See Jeter*, 622 F.3d at 379 ("Although in some instances a twenty-five percent contingency fee may result in a seemingly large fee, a particular claimant's attorney often is not compensated at all for Social Security work in federal court."); Dkt. 20 at 8 (describing risk of

contingency fee representation in social security cases). Plaintiff's ultimate success was quite substantial--$181,782.00 in past-due benefits plus future benefits. *See Jeter*, 622 F.3d at 382 (courts consider value of the case to a claimant); Dkt. 20-2 (Benefit Award). Finally, Counsel Kelly has decades of experience representing individuals with claims for Social Security disability benefits. Dkt. 20-6 (Kelly Decl.). He is Board Certified in Social Security Disability Advocacy by the National Board of Trial Advocacy. Dkt. 20-6 (Kelly Decl.). Counsel Long has practiced Social Security disability law almost exclusively for approximately 30 years. Dkt. 20-6 (Long Decl.). Counsel Long was employed by the Office of the General Counsel, U.S. Social Security Administration, as an Assistant Regional Counsel from September 1989 until his retirement on September 30, 2016. Dkt. 20-6 (Long Decl.). Accordingly, Plaintiff's Counsel is highly qualified in this area. *See Jeter*, 622 F.3d at 382 (courts consider counsel's experience).

Before this court, Counsel spent 36.05 hours on this matter. Dkt. 20-3. Comparing the hours expended to the amount requested yields an hourly rate of $844.54. However, given all of the above considerations—risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee—the undersigned finds this does not amount to a windfall for counsel. *See Jeter*, 622 F.3d at 379 ("Although in some instances a twenty-five percent contingency fee may result in a seemingly large fee, a particular claimant's attorney often is not compensated at all for Social Security work in federal court."). Accordingly, the undersigned will recommend the fee request be granted.

However, Counsel cannot recover both this fee award and the EAJA award already awarded. Accordingly, the undersigned will recommend the EAJA award be returned to Plaintiff.

## IV.    RECOMMENDATION

The undersigned **RECOMMENDS** the District Judge **GRANT** Plaintiff's Motion for and Memorandum in Support of Award of Attorneys' Fees Under 406(b) of the Social Security Act (Dkt. 20) in the amount of $30,445.50. Additionally, the undersigned further **RECOMMENDS** that Counsel be **ORDERED** to refund the previously awarded EAJA fees to Plaintiff.

The referral to the Magistrate Judge should now be **CANCELED**.

## V.    OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED April 28, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

6