IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YOLANDA LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-398-RP |
| | § | |
| COMMISSIONER OF SSA, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court is the Report and Recommendation from United States Magistrate Judge Mark Lane concerning Plaintiff Yolanda Lopez's ("Plaintiff") Motion for Attorney's Fees Under 406(b) of the Social Security Act, (Dkt. 20). (R. & R., Dkt. 23). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his Report and Recommendation on April 28, 2026. (*Id.*). As of the date of this order, no party has filed objections to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the Report and Recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the Report and Recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 23), is **ADOPTED**. Plaintiff's Motion for Attorney's Fees Under 406(b) of the Social Security Act, (Dkt. 20), is **GRANTED**. **IT IS ORDERED** that Plaintiff's Counsel is awarded attorney's fees in the amount of $30,445.50. **IT IS FURTHER ORDERED** that Plaintiff's Counsel shall refund the previously awarded Equal Access to Justice Act ("EAJA") fees in the amount of $7840.75 to Plaintiff.

The Court will enter final judgment by separate order.

**SIGNED** on May 14, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

2